IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-104-F-2
5:12-CV-92-F

| | |
|---|---|
| JONATHAN JORDAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Objections [DE-155] to the Memorandum and Recommendation [DE-145] ("M & R") of United States Magistrate Judge Kimberly A. Swank. The M & R addresses the Government's Motion to Dismiss [DE-109] Jonathan Jordan's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-105]. For the reasons set forth below, the Court ADOPTS the recommendation of the Magistrate Judge [DE-145] and ALLOWS the Government's Motion to Dismiss [DE-109].

## FACTUAL AND PROCEDURAL BACKGROUND

On April 16, 2009, a federal grand jury indicted Jordan on two counts: (1) conspiring to distribute a quantity of marijuana, more than one hundred grams of heroin, and more than five kilograms of cocaine or more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846; and (2) aiding and abetting and possession with intent to distribute a quantity of cocaine and more than fifty grams of crack cocaine, in violation of 21 U.S.C § 841(a)(1) and 18 U.S.C. § 2. *See* [DE-1]. Jordan pled guilty to Count One of the indictment pursuant to a plea agreement, and on March 2, 2010, the Court sentenced Jordan to 295 months imprisonment. Jordan's sentence

accounted for a career offender enhancement based on two prior state convictions for possession with intent to sell and deliver cocaine.

At the time of Jordan's federal sentencing, North Carolina's Structured Sentencing Act mandated that predicate offenses be counted as felonies if *any* defendant could receive a maximum aggravated sentence greater than twelve months. Thus, even though Jordan's state convictions carried sentences of only seven to nine months, the convictions were considered felonies for the purpose of federal sentencing. As a result, Jordan received the career offender enhancement.

While Jordan did not promptly appeal his sentence or conviction, he did send a letter to the Fourth Circuit, filed on November 23, 2010, inquiring about the status of his appeal. The Fourth Circuit Court of Appeals construed the letter as a notice of appeal and on September 9, 2011, dismissed Jordan's appeal as untimely. Jordan then filed his Section 2255 motion on February 24, 2012.

## LEGAL STANDARDS

### Rule 12(b)(6) Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, courts "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

2

550 U.S. 544, 555, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## Petitioner Objections to the M & R

Courts review *de novo* those portions of a magistrate judge's M & R to which a petitioner files specific objections. 28 U.S.C. § 636(b). However, courts will not review those portions where the petitioner makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Where the petitioner does not object to the M & R, courts review only for "clear error" and do not need to explain adoption of the M & R. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

Jordan makes four objections to the M & R: (1) his Section 2255 motion was timely filed because of the holding in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014) *vacated en banc*, No. 13-7152, 2014 WL 7245453 (4th Cir. Dec. 19, 2014);[1] (2) contrary to the Magistrate Judge's findings, Jordan instructed his attorney to file an appeal and his attorney failed to do so, resulting in ineffective assistance of counsel; (3) enforcement of the appeal waiver in his plea agreement is a fundamental miscarriage of justice; and (4) he disagrees with the Magistrate

---

[1] The Court will refer to the original Fourth Circuit case as *Whiteside I* and the *en banc* decision as *Whiteside II*.

3

Judge's finding that he is not entitled to relief under 28 U.S.C. § 2241 and 28 U.S.C. § 1651. *See* Objections [DE-155] at 4-7.

I.      **Timeliness**

Jordan's objections, particularly his timeliness objection, rely heavily on *Whiteside I*. Indeed, because of that reliance, this Court had stayed the matter pending the Fourth Circuit's *en banc* decision. The Fourth Circuit has now issued that decision.

In *Whiteside I*, as here, the petitioner filed Section 2255 petition and argued that he should not have received a career offender enhancement in light of *United States v. Simmons*.[2] *See Whiteside I*, 748 F.3d at 544-45. The district court dismissed Whiteside's petition as untimely because he had filed his Section 2255 motion more than one year after his conviction became final. *See id.* at 545. However, the Fourth Circuit panel equitably tolled the statute of limitations because the petitioner was unable "to obtain meaningful relief prior to [the Fourth Circuit's] decision in *Simmons*." *Id.* at 548. The Fourth Circuit went on to hold that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review." *Id.* at 551.

The government moved for a rehearing *en banc*, which the Fourth Circuit granted, vacating *Whiteside I*. *See Whiteside v. United States*, 578 F. App'x 218 (4th Cir. 2014). The *en banc* decision, issued on December 18, 2014, affirmed the district court's dismissal of Whiteside's Section 2255 motion based on his failure to timely file. *See Whiteside II*, 2014 WL 7245453, at *1. In reaching that conclusion, the Fourth Circuit held (1) that the statute of limitations had already run, and (2) that equitable tolling did not apply. *Id.* at *4.

Whiteside argued that he had timely filed his Section 2255 motion under 28 U.S.C. § 2255(f)(4), which states that the one-year statute of limitations starts to run from "the date on

---

[2] 549 F.3d 237 (4th Cir. 2011).

4

which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." According to Whiteside's argument, the Fourth Circuit's holding in *Simmons* qualified as a new fact, starting the statute of limitations clock from the date of the *Simmons* decision. *Whiteside II*, 2014 WL 7245453, at *2. The *Whiteside II* court disagreed. "*Simmons* represented a change of law, not fact. The circuits to have considered this type of issue have uniformly reached the same conclusion." *Id.* at *3. The *Whiteside II* court further held that equitable tolling applies to a change of law only where "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The *en banc* panel then affirmed the district court's dismissal of the petition as untimely. *Whiteside II*, 2014 WL 7245453, at *7.

The *Whiteside II* decision undercuts the bulk of Jordan's timeliness objection. However, Jordan also notes that the M & R considers "the possibility that his out-of-time appeal attempt may operate to reset the § 2255(f) clock." Objections to M & R [DE-155] at 4. The Magistrate Judge declined to decide that question because, "even assuming [Jordan's] motion [was] timely, his underlying claims are without merit." M & R [DE-145] at 5. The Court agrees with that conclusion and turns to Jordan's remaining objections.

## II. Ineffective Assistance of Counsel

Jordan's second objection is to "the Magistrate Judge's finding that [Jordan] did not expressly instruct his attorney, Curtis Scott Holmes, to file an appeal on his behalf." Objections M & R [DE-155] at 5. In reaching that finding, the Magistrate Judge conducted an extensive evidentiary hearing where she heard testimony from both Jordan and Holmes. *See* M & R [DE-145] at 6-9. This Court, even though it is conducting a *de novo* review of the Magistrate Judge's

5

findings, does not need to conduct a second evidentiary hearing. *See Jackson v. United States*, No. 5:07-CR-110-FL-1, 2014 WL 7149635, at *3 (E.D.N.C. Dec. 15, 2014) (citing *Wimmer v. Cook*, 774 F.2d 68, 76 (4th Cir. 1985)). Instead, this Court need only review the hearing transcript and other documentary evidence. *Id.* Furthermore, this Court treats the Magistrate Judge's findings with deference as she had the opportunity to observe and hear the witnesses. *See McNairn v. Sullivan*, 929 F.2d 974, 977 n.3 (4th Cir. 1991).

The Court has reviewed the audio recording of the evidentiary hearing and finds no cause to disagree with the Magistrate Judge's conclusion as to the witnesses' credibility. Furthermore, it was the Magistrate Judge, and not this Court, who had the opportunity to observe Jordan and Holmes when they testified. Therefore, this Court defers to and adopts (1) the Magistrate Judge's conclusion that Holmes's testimony was more credible than Jordan's, and (2) the Magistrate Judge's finding that Jordan did not expressly ask Holmes to appeal. Jordan was thus not denied effective assistance of counsel as to the appeal. Jordan's second objection is overruled.

### III. Waiver

Jordan's waiver objection is based on *Whiteside I*. *See* Objections M & R [DE-155] at 6-7 ("While this conclusion [from the M & R] may have been arguably justified based on prior 4th Circuit precedents, it is directly contradicted by *Whiteside vs. United States*."). As discussed above, *Whiteside I* has been vacated. Jordan provides no other basis for his waiver objection. Therefore, Jordan's third objection is overruled.

### IV. Alternative Relief

Jordan's final objection is a mere statement of his disagreement with the Magistrate Judge's findings as to Jordan's motions for alternative relief. Courts will not review "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed

6

findings and recommendations." *Orpiano*, 687 F.2d at 47. Jordan's fourth objection is therefore overruled.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the recommendation of the Magistrate Judge [DE-145] as its own. For the reasons stated in the M & R, as well as the reasons stated herein, the Government's Motion to Dismiss [DE-109] is ALLOWED and Jordan's section 2255 motion [DE-105] is DISMISSED. The Court concludes that Jordan has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This, the 3 day of February, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge