IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-cr-104-BO-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JONATHAN JORDAN | ) | |

This cause is before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the motion is denied.

## BACKGROUND

On September 9, 2009, defendant pleaded guilty to one count of conspiracy to distribute more than 5 kilograms of cocaine, more than 50 grams of cocaine base, more than 100 grams of heroin, and a quantity of marijuana. The Court sentenced defendant to 295 months' imprisonment. In August 2019, the Court granted defendant's motion under § 404 of the First Step Act and reduced his sentence to 180 months. In May 2020, defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule is compassionate release. § 3582(c)(1)(A). Prior to the passage of the First Step Act on December 21, 2018,[1] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the BOP. Section 603 of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant

---

[1] Pub. L. 115-391, 132 Stat. 5194.

may request compassionate release from the sentencing court after exhausting his administrative remedies.

Compassionate release may be available to defendants where (1) extraordinary and compelling circumstances warrant a reduction in sentence or (2) a defendant who is serving a life sentenced imposed pursuant to 18 U.S.C. § 3559(c) is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)–(ii). A reduction under either section must be consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* at (c)(1)(A). The commentary to section 1B1.13 of the United States Sentencing Commission's advisory *Guidelines Manuel* provides criteria for determining whether extraordinary and compelling circumstances are present. U.S.S.G. § 1B1.13, comment. n.1. These criteria generally concern the age, medical condition, or family circumstances of the defendant.

In addition to considering whether extraordinary and compelling circumstances are present, a court must further consider the 18 U.S.C. § 3553(a) factors and determine whether the defendant is a danger to the safety of another or the community as provided in 18 U.S.C. § 3142(g).

Here, the § 3553(a) factors caution against relief. The Court recently granted defendant's First Step Act motion and reduced his sentence to a level that the Court deemed sufficient, but not greater than necessary, to comply with the goals of sentencing. The Court's view of the factors has not changed in the intervening period. Under these circumstances, considering the § 3553(a) factors, relief under 18 U.S.C. § 3582(c)(1)(A) is not warranted.

CONCLUSION

Defendant's motion for compassionate release [DE 267, 273] is DENIED. The motion to seal [DE 275] is GRANTED.

SO ORDERED, this 30 day of July, 2020.

                                    *Terrence Boyle*
                                    TERRENCE W. BOYLE
                                    CHIEF UNITED STATES DISTRICT JUDGE